MICHAEL MERTEL v. THE STATE.

No. 7991.   Decided January 23, 1924.

Selling Intoxicating Liquor—Continuance—Diligence—Practice on Appeal.

Where, upon trial of selling intoxicating liquor, the application for continuance showed diligence and that the absent testimony was material, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Wheeler.   Tried below before the Honorable W. R. Ewing.

Appeal from a conviction of selling intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*M. Reynolds* and *C. C. Small,* for appellant.—On question of overruling continuance: Phillips v. State, 34 S. W. Rep., 272; McDonald v. State, 216 id., 166; Torres v. State, 217 id., 948; Giles v. State, 231 id., 765; Steele v. State, 223 id., 473.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years.

Burt Marquis testified that he purchased a quart of whisky from the appellant for which he paid him five dollars. According to Marquis, the transaction occurred at the home of the appellant. Marquis was in his automobile at the time. He gave the appellant a twenty dollar bill and received fifteen dollars in change. Ivan Morris and Charley Smith were with the witness, according to his testimony. Morris, a deputy sheriff, gave the witness twenty dollars with which to buy whisky. The witness had a conversation with the appellant which, according to him, was not heard by either Morris or Smith. Marquis had a criminal record, and the statement of facts suggests that he was testifying under an agreement that he would be released

from a charge of burglary if he would try to get a case against the appellant and give testimony against him. Morris testified that Smith got out of the car in which he and Marquis went to the appellant's home and remained some seventy-five yards distant; that Marquis got out of the car and went to the appellant's house and there had a conversation which Morris did not hear; that the appellant afterwards brought the whisky to the car and received pay from Marquis.

The indictment was filed on the 15th of March, 1923; the trial took place on the 22nd day of that month. The indictment was served on the 17th day of March. Appellant immediately employed an attorney who was sick at the time of the trial but able to be present. Appellant, on the day of his arrest, applied for a subpoena to secure the attendance of his wife, who resided in the county in which the trial took place. The subpoena was served on the 19th day of the month. The wife's failure to attend the trial was shown by the affidavit attached to the motion and by the certificate of the doctor to be due to illness, which rendered her remaining at home imperative. According to the averment in the motion, her testimony would have been that she heard the conversation which took place between the appellant and Marquis in which the arrangement was made for the whisky which was afterwards delivered. According to her version, the appellant refused to sell liquor to Marquis, but he was importuned by Marquis at great length, Marquis representing that some members of his family were sick and that the whisky was intended and needed for that purpose, and that responding to this representation, the appellant delivered the bottle of whisky but received no compensation for it.

The diligence was complete. The excuse for the attendance of the witness was a legal one. The averments in the motion are not in any sense controverted. The trial took place very soon after the offense was committed. The motive of the State's witness and the character of the witness himself was rendered questionable by very substantial testimony. In our opinion, the court should have granted the application for a continuance.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*